Fill in this information to identify your case:

Debtor 1 __Danielle_ Catherine _Ramirez__

Debtor 2 ___Marcos___ _Ramirez__
(Spouse, if filing)

United States Bankruptcy Court for the _District of Utah_

Case number __

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____

Official Form 113

**Chapter 13 Plan**                                                                                    12/17

**Part 1:**   **Notices**

To Debtor(s):   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditor(s):   **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not included |

Debtor Danielle Catherine Ramirez                                                        Case Number

**Part 2:**   **Plan Payments and Length of Plan**

**2.1**   **Debtor(s) will make payments to the trustee as follows**:

$865.00 per month for 51 months.
and $1,260.00 per month for 9 months. (401k Loan)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner:**
*Check all that apply.*
   ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
   ☑ Debtor(s) will make payments directly to the trustee.
   ☐ Other (specify method of payment): _____ .

**2.3**   **Income tax refunds.**
*Check one*
   ☐ Debtor(s) will retain any income tax refunds received during the plan term.
   ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
   ☑ Debtor(s) will treat income tax refunds as follows:
   See Paragraph _11_ of Part 8.1

**2.4**   **Additional payments.**
*Check one:*
   ☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
   ☐ Debtor(s) will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is  $55,206.64.

**Part 3:**   Treatment of Secured Claims

3.1   Maintenance of payments and cure of default, if any.
   *Check One.*

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Loancare Llc | 1129 Shepard Lane | $2,408.00 ☐ Trustee ☑ Debtor | $9,812.00 | 0.00% | $163.53 | $9,812.00 |

3.2   **Request for valuation of security, payment of fully secured claims, and modification of under secured claims**. *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

3.3   Secured claims excluded from 11 U.S.C. § 506.
   *Check One.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Bridgecrest | 2014 Cadillac SRX | $26,974.00 | 9.50% | $615.82 Disbursed by: ☑ Trustee ☐ Debtor(s) | $33,254.28 |

3.4   Lien avoidance.
   *Check One.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5   Surrender of Collateral.
   *Check One.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:**   Treatment of Fees and Priority Claims

4.1   General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2   Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be  10.00% of plan payments; and during the plan term, they are estimated to total $5,018.79.

4.3   Attorney's Fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $5,100.00.

4.4   Priority claims other than attorney's fees and those treated in § 4.5.
   *Check one.*

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☑ The debtor(s) estimate the total amount of other priority claims to be $2,900.90.

4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☑ **None.** If *"None"* is checked, the rest of § 4.5 need not be completed or reproduced.

[o] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of Creditor | Estimated amount of Claim to be paid |
|---|---|
|  | $ |

## Part 5:   Treatment of Nonpriority Unsecured Claims

5.1   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $.

☑ 0.00% of the total amount of these claims, an estimated payment of  $0.00].

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately  $0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If *"None"* is checked, the rest of § 5.2 need not be completed or reproduced.

5.3   **Separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** If *"None"* is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:   Executory Contracts and Unexpired Leases

6.1   **The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** If *"None"* is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7:   Vesting of Property of the Estate

7.1   **Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below.** *Check the applicable box to select an alternative vesting date:*

☐ plan confirmation.

☑ other: The income of the debtors shall remain property of the estate throughout the bankruptcy and not vest in the debtors pursuant to 11 U.S.C. Section 1327(b).  The rest of the debtors' property will vest at the time of confirmation.

## Part 8:   Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*These plan provisions will be effective only if the applicable box in § 1.3 is checked.*

(1) Adequate Protection Payments. If the debtor seeks to pay Adequate Protection Payments to holders of secured claims in Part 3 above, the requirements of Local Rule 2083-1(d) apply and the attached Notice of Adequate Protection Payments will identify the collateral. Adequate Protection Creditors in Paragraphs 3.1, 3.2 and 3.3 will be shown in the attached NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326 AND OPPORTUNITY TO OBJECT. Bridgecrest for the 2014 Cadillac.

(2) Applicable Commitment Period. 60 months, unless otherwise indicated.

(3) Direct Payment of Claims. If the debtor elects to pay a claim directly and that claim is not one which the Plan allows to be paid directly, the direct payment designation will be listed below as a nonstandard provision. For all claims the debtor elects to pay directly, Local Rule 2083-2(i)(4) applies.  Claims to Be Paid Directly:

(4) Third-Party Payment of Claims. If the Plan provides that a nondebtor shall pay a claim directly, the third-party payment designation will be listed below as a nonstandard provision. For all claims the Plan provides will be paid by a thirdparty, Local Rule 2083-2(k)(1) may apply. Upon request, the debtor must furnish the name and contact information for the third-party payor.  Claims to Be Paid by a Third Party:

(5) Lien Avoidance Under § 522(f). If the debtor moves to avoid a lien under §522(f), Local Rule 2083-2(j) applies.

(6) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

(7) Any order confirming this Plan shall constitute a binding determination that the Debtors have timely filed all of the information required by 11 U.S.C. § 521(a)(1).

(8) Any allowed secured claim filed by a taxing authority or governmental entity not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0 % per annum if no interest rate is specified. The only exception is if the US Department of Housing and Urban Development files a claim that is not due until after the completion of the plan, no payments will be made on the US Department of HUD's claim.

(9) If the regular monthly payment in paragraph 3.1 is $0.00, the claim will be paid pro rata.

(10) The following tax years are proposed to be contributed 2026-2028 (2030 for above median cases). Option 1 Tax Language (See Paragraph 2.3 for applicability):

The Following tax years are proposed to be contributed 2026-2028. On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns.  Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed. The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors. The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000.  However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority.  Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan.

For the first tax year contribution of 2026, the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount.  If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee.  The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund.  If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e).  If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case.  The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000.

(11) Option 2 Tax Language (See Paragraph 2.3 for applicability):

For the next three tax years of 2026-2028 for below median cases and the next five tax years 2026-2030 for above median Debtors, Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section.[2026-28 or 2026-2030 are estimates only, counsel may stipulate to different years if appropriate.] If in an applicable tax year the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the overall Plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

(12) If a regular monthly payment is not listed in paragraph 3.1 above, the payment being made on the secured debt can be found in Schedule J filed with the court.

(13)  If for any reason no box is checked in paragraph 2.2, the second box is the box that was intended to be checked.  Specifically, the Debtor(s) will make payments directly to the Trustee.

(14) Debtor(s) delivered or had already delivered all required federal or state tax returns for the taxable periods ending during the four year period before the filing of the petition. The required state tax returns are determined pursuant to Section 59-10-104.1(2) of the Utah Code. Debtor acknowledges that the Court will not confirm any Chapter 13 Plan and that the case may be dismissed at or before the hearing on confirmation unless all the tax returns have been filed.

(15) The secured claim of Cascade Collections will be dealt with through a motion pursuant to 11 USC 522(f). Debtor believes the claim will be unsecured as a result.

**Part 9:**    **Signatures**

9.1  Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

/s/ Danielle Catherine Ramirez
Signature of Debtor 1                 Signature of Debtor 2

Executed on: 05/01/2026               Executed on: 05/01/2026

/s/ Kent Winward
Signaure of Attorney for Debtor(s)    Executed on: 05/01/2026

**Signature(s) of Debtor(s)**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a. Maintenance and cure payments on secured claims (Part 3, Section 3.1 total) | $9,812.00
b. Modified secured claims (Part 3, Section 3.2 total) | $0.00
c. Secured claims excluded from 11 U.S.C. § 506 (Part 3, Section 3.3 total) | $33,254.28
d. Judicial liens or security interests partially avoided (Part 3, Section 3.4 total) | $0.00
e. Fees and priority claims (Part 4 total) | $11,919.69
f. Nonpriority unsecured claims (Part 5, Section 5.1, highest stated amount) | $220.67
g. Maintenance and cure payments on unsecured claims (Part 5, Section 5.2 total) | $0.00
h. Separately classified unsecured claims (Part 5, Section 5.3 total) | $0.00
i. Trustee payments on executory contracts and unexpired leases (Part 6, Section 6.1 total) | $0.00
j. Nonstandard payments (Part 8, total) | $0.00

Total of lines a through j | $55,206.64

E. KENT WINWARD #5562
ABRAHAM SMOOT #12666
Attorney for Debtor(s)
4850 Harrison Blvd. Suite 1
Ogden, Utah 84403
Telephone:  (801) 392-8200
Facsimile:  (801) 392-2724
utahbankruptcyfirm@gmail.com

---

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **In the Matter of**: | Case No. |
| **Danielle Ramirez** | Chapter 13 |
| | **Judge** |
| **Debtor(s)** | |

## NOTICE OF ADEQUATE PROTECTION PAYMENTS
## UNDER 11 U.S.C. § 1326 AND OPPORTUNITY TO OBJECT

The Debtor states as follows:

1.  The Debtor(s) filed a voluntary petition under Title 11 commencing a  chapter 13 bankruptcy case.

2. The Debtor proposes to make Adequate Protection Payments, pursuant to § 1326(a)(1)(C) accruing with the initial plan payment which is due no later than the originally scheduled meeting of creditors under § 341 and continuing to accrue on the first day of each month thereafter, to the holders of the allowed secured claims in the amounts specified below:

| Secured Creditor | Description of Collateral | Amount of Adequate Protection Payment | Number of Months in Adequate Protection Period |
|---|---|---|---|

| Bridgecrest *(Bridgecrest Reg Agent)* 1030 North Colorad, Gilbert, AZ 85233 | 2014 Cadillac SRX | 79.00 | 6 |
|---|---|---|---|

3. The monthly plan payments proposed by the Debtor(s) shall include the amount necessary to pay all Adequate Protection Payments and the amount necessary to pay the Trustee's statutory fee.

4. Upon completion of the Adequate Protection Payment period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5. This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtor or otherwise ordered by the Court.

6. Objections, if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

Dated: May 1, 2026

__/s/_____

E. Kent Winward
Abraham O. Smoot, VII
Counsel for Debtor(s)