Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

**IN RE:**

Danielle Catherine Ramirez

**Debtor**

**CASE: 26-22533**

**CHAPTER 13**

**Hon. DAVID H. LEIGH**

Confirmation Hearing: 7/21/26  10:30 am

## TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

1. The Debtor filed a Chapter 13 petition for relief on May 01, 2026 and the First Meeting of Creditors under section 341 was held on June 04, 2026.

2. The Trustee requests the Debtor(s) provide proof of the value of the Molina Healthcare stock.

3. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims:  Utah State Tax Commission.

4.  It appears the Debtor(s) are not withholding sufficient amounts to fully pay ongoing income taxes. Inadequate tax withholdings may result in a post-petition tax liability that may make it difficult to make payments under the Plan. The Trustee requests evidence of adjusted tax withholdings.

5.  The Trustee requests the Debtor(s) file the motion regarding the claim of Cascade Collections referenced in Part 8.1(15) of the Plan.

6.  The Trustee objects to Debtor's ESPP contributions of $223.17.  The Debtor should provide proof that the stock purchases have been stopped and amend Schedule I to remove the deduction.

7.  The payment advices required by § 521(a)(1)(B)(iv) show <u>more</u> income than is reported on Schedule I.

8.  The Trustee reserves the right to request a deviation from the Form 122C-2 required return as it appears the Debtor's current circumstances reflect monthly income greater than in the 6 months prior to the case being filed.

9.  The Debtor(s) list on Schedule J an expense for medical/dental of $811.00.  The Debtor(s) should either substantiate this expense with admissible, documentary evidence, or remove it from Schedule J.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan.  If the Debtor is unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: June 8, 2026                                     <u>Katherine T. Kang</u>
                                                        Attorney for Chapter 13 Trustee

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on June 09, 2026:

Danielle Catherine Ramirez, 1129 Shepard Lane,Farmington, UT  84025

E. KENT WINWARD, ECF Notification

/s/ Helen Doherty